IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

SIE JOE LANN                              §
    TDCJ-CID #842611                §
v.                                        §           C.A. NO. C-09-329
                                          §
CANDACE MOORE, ET AL.                     §

**MEMORANDUM AND RECOMMENDATION**
**TO DISMISS CERTAIN CLAIMS AND RETAIN CASE**

      This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C.

§ 1983.

      Pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat.

1321 (1996), any prisoner action brought under federal law must be dismissed if

the complaint is frivolous, malicious, fails to state a claim upon which relief can be

granted, or seeks monetary relief from a defendant immune from such relief.  See

42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A.  Plaintiff's action is subject

to screening regardless whether he prepays the entire filing fee, or proceeds as a

pauper.  Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam);

Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam).  Plaintiff's *pro se*

complaint must be read indulgently, Haines v. Kerner, 404 U.S. 519, 520 (1972)

(per curiam), and his allegations must be accepted as true, unless they are clearly

irrational or wholly incredible.  Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

Applying these standards, it is respectfully recommended that plaintiff's denial of access to the courts claim against Ms. Candace Moore be retained, and service ordered on this defendant.  It is respectfully recommended further that his remaining claims be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

## I.  JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

## II.  FACTUAL ALLEGATIONS

Plaintiff is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"), and is currently incarcerated at the McConnell Unit in Beeville, Texas.  He filed this action on November 27, 2009, complaining that defendants denied him access to the courts when they confiscated his legal material and then denied his grievances regarding the confiscation.  (D.E. 1).  He named the following individuals as defendants: Candace Moore; Warden Norris Jackson; Helen Alexendara; and Juan Garcia.  A

2

Spears[1] hearing was conducted on December 22, 2009.  The following allegations were made in plaintiff's original complaint or at the hearing.

In November 2006, plaintiff asked Ms. Moore for a lock box in which to store his legal materials; she denied his request.  In August 2007, Ms. Moore gave plaintiff a lock box to store his legal material.[2]  She advised him that she would inspect his lock box every six months; however, she did not inspect the lock box for seventeen months.

In November 2008, Ms. Moore asked plaintiff if he had any active cases pending, including cause numbers, so that she could verify this information.  Plaintiff completed the verification forms.  However, Ms. Moore gave plaintiff a disciplinary case for not storing his property properly.  At the disciplinary hearing, Captain Kemp dismissed the case finding that plaintiff did not have adequate room to store all his legal material in the lock box.

On February 4, 2009, Ms. Moore and two other officers came to plaintiff's cubicle in the dorms and confiscated his legal materials, including his state court trial record and transcripts that cost over $12,000.00, plus some medication that he

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a Spears hearing is incorporated into the pleadings).

[2] Plaintiff testified that, three days prior to his getting the lock box, he had written to Ms. Alexendara complaining that Ms. Moore had repeatedly denied his requests for a lock box.  Plaintiff suspected that Ms. Alexendara had called Ms. Moore and instructed her to give him a lock box.

had purchased at the commissary, as well as art supplies.  Following the confiscation, Ms. Moore took plaintiff to the property room and asked him if he wanted to pay to have the material shipped out, have someone pick it up on visitation day, or have it destroyed.  Plaintiff elected to have his daughter pick up his property at the next visitation day.  At the time Ms. Moore confiscated his materials, he had a state writ of habeas corpus pending.

On February 9, 2009, plaintiff received notice that the Texas Court of Criminal Appeals had dismissed his state writ.  He testified that he was unable to challenge that decision because his legal materials had been confiscated.

On February 6, 2009, plaintiff filed a Step 1 grievance, Grievance No. 2009095725, complaining about the confiscation.  (D.E. 1, at 14-15).  This grievance was returned unprocessed as incomprehensible.  Id. at 15.

On February 14, 2009, plaintiff filed a Step 1 grievance, Grievance No. 2009099373, again complaining about the February 4, 2009 confiscation of his legal material and other property.  Id. at 18-19.  This grievance was returned unprocessed on the grounds that plaintiff had not sought first informal resolution. Id. at 19.

On  March 2, 2009, plaintiff filed a Step 1 grievance, Grievance No. 2009108428, complaining about Ms. Moore's action of confiscating his legal

4

property.  Id. at 18-19.  In a response dated March 5, 2009, Warden Jackson denied

plaintiff's grievance finding there was no evidence to support his allegations

against Ms. Moore.  Id. at 19.

On March 3, 2009, plaintiff wrote to Helen Alexendara, the assistant

program administrator for access to the courts, complaining about the lack of

notice he was given prior to the confiscation of his legal material and other

property, as well as the confiscation itself.  Id. at 22-23.  Ms. Alexendara did not

respond to plaintiff's letter.

On March 9, 2009, plaintiff filed a Step 2 appeal of Grievance No.

2009108428.  Id. at 20-21.  On April 1, 2009, Juan Garcia, a Region IV assistant

director, denied the grievance.  Id. at 21.

Plaintiff is seeking a declaration that his rights were violated, an injunction

to prevent defendants from harassing or retaliating against him, compensatory

damages of $17,000, and punitive damages of $52,000.

### III.  DISCUSSION

**A.    Legal Standard For A Civil Rights Action Pursuant To 42 U.S.C.**
       **§ 1983.**

Plaintiff's action may be dismissed for failure to state a claim upon which

relief can be granted despite his failure to exhaust administrative remedies.  42

U.S.C. § 1997e(c)(2).  The Supreme Court has established that "[t]o state a claim

under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted); accord Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995) (per curiam).  An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief.  Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002) (citation omitted).  The complaint must be liberally construed in favor of the prisoner, and the truth of all pleaded facts must be assumed.  Id.

**B.    Plaintiff's Denial Of Access To The Courts Claim Against Defendant Moore Is Retained.**

Plaintiff claims that defendant Moore denied him access to the courts by confiscating his legal material.

Prisoners have a constitutionally protected right of access to the courts.  See Lewis v. Casey, 518 U.S. 343, 360 (1996) (citing Bounds v. Smith, 430 U.S. 817 (1977)).  The State must furnish indigent inmates with pen and paper to draft legal documents, stamps to mail them, and adequate opportunity to conduct legal research through access to adequate law libraries or access to "persons trained in the law" or other persons who can provide legal assistance.  Bounds, 430 U.S. at 824-28.  However, prison officials have considerable discretion in providing legal

6

resources to prisoners.  <u>Lewis</u>, 518 U.S. at 356.  The right does not guarantee any "particular methodology but rather the conferral of a capability – the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts."  <u>Id.</u>; <u>see also</u> <u>Jones v. Greninger</u>, 188 F.3d 322, 325 (5th Cir. 1999) (per curiam) (the right provides a reasonable opportunity to file nonfrivolous legal claims challenging convictions or conditions of confinement).

Restrictions on direct access to legal materials may be warranted when prison security is involved.  <u>See</u> <u>Eason v. Thaler</u>, 73 F.3d 1322, 1329 (5th Cir. 1996).  However, arbitrary limitations and restrictions on access to legal materials, without the assistance of persons trained in the law, is unconstitutional.  <u>Id.</u>; <u>see also</u> <u>Eason v. Thaler</u>, 14 F.3d 8, 9-10 (5th Cir. 1994) (allegations of a total denial of access to the prison law library for twenty-five days following a prison riot stated a constitutional violation).

Because the right of access is not a "freestanding right," the plaintiff must demonstrate actual injury resulting from an alleged denial of access to the courts. <u>Chriceol v. Phillips</u>, 169 F.3d 313, 317 (5th Cir. 1999) (citing <u>Lewis</u>, 518 U.S. at 351-54).  "Actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim."  <u>Lewis</u>, 518 U.S. at 348.  Without a showing of an actual injury, a plaintiff

lacks standing to pursue a claim of denial of access to the courts.  Lewis, 518 U.S. at 349.

To meet the standing requirement, "plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief."  Raines v. Byrd, 521 U.S. 811, 818-19 (1997) (quoting Allen v. Wright, 468 U.S. 737, 751 (1984)).  Plaintiff "must establish that he has a personal stake in the alleged dispute and that the alleged injury suffered is particularized as to him."  Id. at 819 (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)).  In particular, to succeed on a claim of denial of access to the courts, plaintiff must show that he lost an actionable claim or was prevented from presenting such a claim because of the alleged denial.  See Lewis, 518 U.S. at 356.  He must show "that his position as a litigant was prejudiced" as a direct result of the denial of access.  Eason, 73 F.3d at 1328 (citation omitted).

Plaintiff maintains that he suffered an actual injury as a result of the confiscation of his legal materials because he was then unable to challenge properly the dismissal of his state writ of habeas corpus.  For purposes of § 1915A, this allegation states a claim of denial of access to the courts because plaintiff claims to have been prejudiced in pending litigation.  Accordingly, it is

8

respectfully recommended that the Court retain plaintiff's denial of access to the courts claim against Ms. Moore.

## C. Plaintiff's Claims That Defendants Failed To Investigate His Grievances Are Without Merit.

Plaintiff has sued Warden Jackson, Helen Alexendara, and Juan Garcia alleging that they failed to properly investigate his grievances.  This allegation fails to state a claim.  See Geiger v. Jowers, 404 F.3d 371, 373-74 (5th Cir. 2005) (per curiam) (prisoners do not have a federally protected liberty interest in having their grievances resolved to their satisfaction; any alleged due process violation arising from the alleged failure to investigate prisoner grievances is indisputably meritless).  Thus, it is respectfully recommended that his claims against these individuals be dismissed.

## D. Plaintiff's Claim That Defendant Moore Failed To Follow Prison Rules And Regulations Is Without Merit.

Plaintiff also claims that Ms. Moore violated his rights because she failed to follow TDCJ-CID procedures regarding the confiscation of legal property.  The mere allegation that prison policies were not followed does not state a claim.  See Myers v. Klevenhagen, 97 F.3d 91, 94 (5th Cir. 1996) (per curiam) (TDCJ-CID's failure to follow its own administrative rules and regulations does not raise federal constitutional issues as long as minimal constitutional requirements are met).

9

Thus, it is respectfully recommended that his claim against Ms. Moore that she violated prison rules or policies be dismissed for failure to state a claim.

## IV.  RECOMMENDATION

For the reasons stated above, it is respectfully recommended that the Court retain plaintiff's denial of access to the courts claim against Candace Moore, and that service be ordered on this defendant.  It is respectfully recommended further that the Court dismiss plaintiff's remaining claims against the remaining defendants for failure to state a claim.  See 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

Respectfully submitted this 14th day of January 2010.

BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).