IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SIE JOE LANN | § | |
|     TDCJ-CID NO. 842611 | § | |
| v. | § | C.A. NO. C-09-329 |
| | § | |
| CANDICE MOORE, ET AL. | § | |

**MEMORANDUM AND RECOMMENDATION**
**ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

In this prisoner civil rights action, plaintiff Sie Joe Lann claims that defendant Candice Moore denied him access to the courts by preventing him from litigating fully his state habeas corpus application. Defendant Moore moves to dismiss plaintiff's claims against her in her official capacity as barred by the Eleventh Amendment. (D.E. 12). Defendant Moore also moves for summary judgment to deny plaintiff's claims arguing that plaintiff has failed to establish that he suffered prejudice in any pending litigation, such that he fails to state a constitutional violation. (D.E. 13). Plaintiff has filed a response in opposition. (D.E. 17, 18).

For the reasons stated herein, it is respectfully recommended that the Court grant defendant's motion to dismiss and motion for summary judgment.

**I. JURISDICTION**

The Court has federal question jurisdiction. 28 U.S.C. § 1331.

## II. PROCEDURAL BACKGROUND

Plaintiff is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division, and is currently confined at the McConnell Unit in Beeville, Texas. He filed this lawsuit on November 27, 2009, complaining that Ms. Moore and other prison officials confiscated his legal materials on February 4, 2009, and that following the confiscation, the Texas Court of Criminal Appeals dismissed his state writ of habeas corpus. (D.E. 1).

After a Spears[1] hearing on December 22, 2009, plaintiff's claims against the other defendants were dismissed, but his First Amendment claim against Ms. Moore was retained and service ordered on this defendant. (See D.E. 7, 8, 16).

On February 8, 2010, defendant Moore filed her answer, (D.E. 11), as well as her motion to dismiss plaintiff's claim against her in her official capacity. (D.E. 12). On February 9, 2010, defendant filed the instant motion for summary judgment. (D.E. 13, 14). On February 26, 2010, plaintiff filed his objections to the motion to dismiss. (D.E. 17). On March 3, 2010, he filed his response to the motion for summary judgment. (D.E. 17, 18).

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a Spears hearing is incorporated into the pleadings).

### III.  SUMMARY JUDGMENT EVIDENCE

In support of her motion for summary judgment, Ms. Moore offers a certified copy of the docket sheet from plaintiff's state habeas corpus action, <u>Ex parte Lann</u>, App. No. WR-43,228-07, in the Texas Court of Criminal Appeals. (D.E. 14, Ex. A).

The uncontested evidence establishes the following:

In November 2006, plaintiff asked Ms. Moore for a lock box in which to store his legal materials; she denied his request.  (D.E. 1, at 13, 17, 23).  In August 2007, she gave plaintiff a lock box to store his legal materials.  <u>Id.</u> at 13.  Moreover, she advised him that she would inspect his lock box every six months; however, she did not inspect the lock box for seventeen months.  <u>Id.</u> at 14.

On June 18, 2008, plaintiff filed a state application for writ of habeas corpus in the 81st District Court of La Salle County, Texas, Cause No. 08-04-0023-CLR. (D.E. 14, Ex. A at 2).  On June 26, 2008, the writ was submitted to the Texas Court of Criminal Appeals and assigned App. No. WR-43,428-07.  <u>Id.</u>

On August 20, 2008, the Court of Criminal Appeals remanded plaintiff's writ for an evidentiary hearing.  (D.E. 14, at 2).  In an order dated August 8, 2008, the Court of Criminal Appeals addressed concerns about the accuracy of some of plaintiff's filings:

> In the present application, Applicant raises grounds for challenging his conviction. This application, however, presents a more serious question. Applicant alleges that he was denied effective assistance of counsel. In support of his allegations, Applicant submitted documents purporting to be from the office of Chief Justice Lopez and trial judge Olin Strauss. It is unclear from the face of these documents if they are accurate and reliable or improperly presented to this Court by Applicant.
>
> .....
>
> The trial court shall make findings of fact as to whether the documents submitted by Applicant are accurate, correct, and authored by the people listed in the documents. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of applicant's claim for habeas corpus relief.

Ex parte Lann, No. WR-43428-07, 2008 WL 3855071 at *1 (Tex. Crim. App. Aug. 20, 2008) (per curiam) (unpublished).

In November 2008, Ms. Moore asked plaintiff if he had any active cases pending, including cause numbers, so that she could verify this information. (D.E. 1, at 14, 23). Plaintiff completed the verification forms. Id.

On February 4, 2009, Ms. Moore and two other officers came to plaintiff's cubicle in the dorms and confiscated his legal materials, including his state court trial record and transcripts that cost over $12,000, plus some medication that he had purchased at the commissary, as well as art supplies. (D.E. 1, at 8-9, 13-21). Following the confiscation, Ms. Moore took plaintiff to the property room and

asked him if he wanted to pay to have the materials shipped out, have someone pick it up on visitation day, or have it destroyed.  Id. at 21.  Plaintiff elected to have his daughter pick up his property at the next visitation day.  Id.

Plaintiff filed unidentified documents in his state writ for habeas corpus relief on February 12 and 24, 2009, and March 17, 2009.  (D.E. 14, Ex. A at 3-4). On March 25, 2009, the Court of Criminal Appeals concluded that plaintiff had submitted false evidence, such that his application for writ of habeas corpus was a frivolous lawsuit and an abuse of the writ.  Ex parte Lann, No. WR-43428-07, 2009 WL 768573 at *1 (Tex. Crim. App. Mar. 25, 2009) (per curium) (unpublished).  Specifically, the Court of Criminal Appeals found that letters plaintiff submitted were fraudulent:

> This Court remanded the application to the trial court to obtain affidavits from the Honorable Judge Strauss and the Honorable Chief Justice Lopez.  Both the Honorable Judge Strauss and the Honorable Chief Justice Lopez denied writing the letters.  The trial court has found that both letters were fraudulent.
>
> The writ of habeas corpus is not to be lightly or easily abused....  We find that Applicant has abused the Great Writ by submitting false evidence.  We dismiss this application and cite him for abuse of the writ.  By that abuse, Applicant has waived and abandoned any contention that he might have in regard to the instant conviction, at least insofar as existing claims that he could have or should have brought in the application.

Id. at *1 (internal citations omitted). The court further instructed the court's clerk not to accept or file the pending application for a writ of habeas corpus, or any future application attacking plaintiff's conviction unless he could show in the application that the claims presented had not been raised previously and that they could not have been presented in a previous application for writ of habeas corpus. Id. at *1.

## IV. SUMMARY JUDGMENT STANDARD

Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The Court must examine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52. In making this determination, the Court must consider the record as a whole by reviewing all pleadings, depositions, affidavits and admissions on file, and drawing all justifiable inferences in favor of the party opposing the motion. Caboni v. Gen. Motors Corp., 278 F.3d 448, 451 (5th Cir. 2002). The Court may not weigh the evidence, or evaluate the credibility of witnesses. Id. Furthermore, "affidavits shall be made

on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56(e); see also Cormier v. Pennzoil Exploration & Prod. Co., 969 F.2d 1559, 1561 (5th Cir. 1992) (per curiam) (refusing to consider affidavits that relied on hearsay statements); Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987) (per curiam) (stating that courts cannot consider hearsay evidence in affidavits and depositions). Unauthenticated and unverified documents do not constitute proper summary judgment evidence. King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994) (per curiam).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party demonstrates an absence of evidence supporting the nonmoving party's case, then the burden shifts to the nonmoving party to come forward with specific facts showing that a genuine issue for trial does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). To sustain this burden, the nonmoving party cannot rest on the mere allegations of the pleadings. Fed. R. Civ. P. 56(e); Anderson, 477 U.S. at 248. "After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be

granted." Caboni, 278 F.3d at 451. "If reasonable minds could differ as to the import of the evidence ... a verdict should not be directed." Anderson, 477 U.S. at 250-51.

## V.  DISCUSSION

### A.  Plaintiff's Claims Against Defendant In Her Official Capacity Are Barred By The Eleventh Amendment Immunity.

Defendant Moore moves for dismissal of plaintiff's claims against her in her official capacity on the grounds that those claims are barred by the Eleventh Amendment. (D.E. 12).

The Eleventh Amendment is a jurisdictional bar to suits brought in federal court against the State. U.S. Const. Amend. XI. The immunity afforded by the Eleventh Amendment extends to the State's agencies and departments, and, in the absence of waiver, applies regardless of the nature of relief sought. Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 146 (1993). The State of Texas has not waived immunity in this case, and, because suits against state officials in their official capacities are, in effect, asserted against the state itself, such suits are also barred by the Eleventh Amendment. Howlett by and through Howlett v. Rose, 496 U.S. 356, 365-66 (1990).

To the extent plaintiff is suing Ms. Moore in her official capacity, those claims necessarily are against the State, and as such, are barred by the Eleventh

Amendment. Therefore, it is respectfully recommended that the Court grant defendant's motion to dismiss plaintiff's claims against her in her official capacity. (D.E. 12).

**B.     Plaintiff's Denial Of Access To The Courts Is Without Merit.**

In his original complaint, plaintiff alleged that Ms. Moore denied him access to the courts by confiscating his materials while his state writ of habeas corpus was pending leaving him unable to "litigate his pending writ."

Prisoners have a constitutionally protected right of access to the courts. See Lewis v. Casey, 518 U.S. 343, 360 (1996) (citing Bounds v. Smith, 430 U.S. 817 (1977)). The State must furnish indigent inmates with pen and paper to draft legal documents, stamps to mail them, and adequate opportunity to conduct legal research through access to adequate law libraries or access to "persons trained in the law" or other persons who can provide legal assistance. Bounds, 430 U.S. at 824-28. However, prison officials have considerable discretion in providing legal resources to prisoners. Lewis, 518 U.S. at 356. The right does not guarantee any "particular methodology but rather the conferral of a capability – the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." Id.; see also Jones v. Greninger, 188 F.3d 322, 325 (5th Cir. 1999)

(per curiam) (the right provides a reasonable opportunity to file nonfrivolous legal claims challenging convictions or conditions of confinement).

Because the right of access is not a "freestanding right," the plaintiff must demonstrate actual injury resulting from an alleged denial of access to the courts. Chriceol v. Phillips, 169 F.3d 313, 317 (5th Cir. 1999) (citing Lewis, 518 U.S. 351-54).  The Supreme Court explained that "[a]ctual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim."  Lewis, 518 U.S. at 349.  Without a showing of an actual injury, a plaintiff lacks standing to pursue a claim of denial of access to the courts.  Id. at 349.

To meet the standing requirement, plaintiff "must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief."  Raines v. Byrd, 521 U.S. 811, 818-19 (1997) (quoting Allen v. Wright, 468 U.S. 737, 751 (1984)).  Plaintiff "must establish that he has a personal stake in the alleged dispute and that the alleged injury suffered is particularized as to him."  Id. at 819 (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 1992)).  In particular, to succeed on a claim of denial of access to the courts, plaintiff must show that he lost an actionable claim or was prevented from presenting such a claim because of the alleged denial.  See Lewis, 518 U.S. at

356. To prevail on a denial of access to the courts claim under § 1983, a plaintiff must show that he suffered an "actual injury." <u>Chriceol</u>, 169 F.3d at 317 (citation omitted); <u>Eason v. Thaler</u>, 73 F.3d 1322, 1328 (5th Cir. 1996) (per curiam) (citation omitted) (plaintiff must show "that his position as a litigant was prejudiced" as a direct result of the denial of access).

Plaintiff's contention that he was unable to properly litigate his state habeas corpus application due to the actions or inactions of Ms. Moore is refuted by his state habeas corpus record. (D.E. 14). Plaintiff's writ was submitted to the Court of Criminal Appeals on June 26, 2008. <u>Id.</u> at 1. On August 20, 2008, the Court of Criminal Appeals remanded the case for further findings concerning the authenticity of documentation submitted by plaintiff. <u>Ex parte Lann</u>, 2008 WL 3855071 at *1.

The trial court made specific findings that plaintiff had falsified documents purporting to be from Chief Justice Alma L. Lopez and Judge Olin Strauss. Thereafter, on March 25, 2009, the Court of Criminal Appeals concluded that plaintiff had abused the writ and that his application was frivolous, and held further that plaintiff was barred from raising any further habeas claims that could or should have been brought in that application. <u>Ex parte Lann</u>, 2009 WL 768573 at *1.

11

Plaintiff fails to identify any evidence that he might have submitted to the Court of Criminal Appeals that would negate the trial court's findings and result in a different outcome for his state habeas corpus application.  Indeed, at the time of the confiscation, the Court of Criminal Appeals had already remanded the case, suspicious of documents submitted by plaintiff.  While the case was pending in the trial court, plaintiff had possession of all his documents and could have submitted any relevant information at that time.

Moreover, after Ms. Moore confiscated his records on February 9, 2009, he still filed paperwork with the Court of Criminal Appeals.  (D.E. 14, Ex. A, at 3-4). Thus, the confiscation of his legal documents did not prevent him from continuing to communicate with the Court of Criminal Appeals.

Finally, the protections of the First Amendment apply only to the right to proceed with nonfrivolous litigation.  Lewis, 5128 U.S. at 349.  As noted by the Court of Criminal Appeals, plaintiff's falsification of documents rendered his state writ a frivolous proceeding.  In re Lann, 2009 WL 768573 at *1.  Thus, he fails to show injury or prejudice in a legitimate proceeding.  As such, he fails to state a viable constitutional violation.

In his summary judgment response, (D.E. 17), plaintiff fails to offer any details of prejudice or injury other than his conclusory allegations that his "injury"

was caused by Ms. Moore's "act or omission." Id. at 3 (¶¶ 13-15). The uncontested evidence however, demonstrates that his state writ was dismissed as a result of his own actions, and that the subsequent confiscation of his legal materials played no role in the dismissal of his state writ as an abuse of the writ.

## VI.  RECOMMENDATION

Plaintiff's claims against defendant Moore in her official capacity are barred by the Eleventh Amendment, and therefore, it is respectfully recommended that defendant's motion to dismiss those claims, (D.E. 12) be granted.  Further, plaintiff fails to establish that Ms. Moore's confiscation of his property caused him to suffer any prejudice in his state habeas action.  Indeed, it is undisputed that, as a result of plaintiff's falsification of documents, the case was dismissed as an abuse of the writ.  Plaintiff fails to establish any injury attributable to Ms. Moore's acts or omissions, and as such, he fails to state a claim for denial of access to the courts.  Thus, it is respectfully recommended that Ms. Moore's motion for summary judgment, (D.E. 13), be granted, and plaintiff's claims against her dismissed with prejudice.

Respectfully submitted this 12th day of May 2010.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Article IV, General Order No. 2001-6, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).