IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SIE JOE LANN | § | |
|     TDCJ-CID #842611 | § | |
| v. | § | C.A. NO. C-09-329 |
| | § | |
| CANDICE MOORE, ET AL. | § | |

**OPINION DENYING MOTION TO RECUSE**

    This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff's motion for recusal of the undersigned magistrate judge is pending. (D.E. 42).

    Plaintiff appears to be complaining because a magistrate judge issued a memorandum and recommendation recommending that his action be dismissed. Id. at 5-6. He appears to confuse a discussion during a December 22, 2009 telephonic hearing regarding the Notice To Pro Se Litigant, (D.E. 3), that informed him of his right to consent to proceed before a magistrate judge and his decision to decline to consent with the mistaken belief that the Court cannot refer matters to a magistrate judge. The memorandum and recommendation were done pursuant to 28 U.S.C. § 636(b)(1). See, e.g., Newsome v. E.E.O.C., 301 F.3d 227, 230 (5th Cir. 2002) (per curiam) (consent is not required to refer a dispositive motion to a magistrate judge); accord Brunig v. Clark, 560 F.3d 292, 294 (5th Cir. 2009) (quoting Newsome).

    To the extent that plaintiff is seeking the undersigned magistrate judge recuse himself from this action, such a request is without a basis. He asserts that "Magistrate Judge Owsley has a personal bias and prejudice concerning the plaintiff." (D.E. 42, at 5). He further asserts that the undersigned magistrate judge "took upon himself as to act as 'Judge' refusing to forward plaintiff's written objection to his Memorandum and Recommendation to a judge or [the assigned Judge] over this case to make a de novo determination...." Id. at 6. His belief is

mistaken.  Plaintiff's objections to the memorandum and recommendation to dismiss plaintiff's action, (D.E. 37), were docketed by the Clerk of the Court and were provided to the District Judge.

Moreover, as the Supreme Court has explained, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."  Liteky v. United States, 510 U.S. 540, 555 (1994) (citing United States v. Grinnell Corp., 384 U.S. 563, 583 (1966)); accord United States v. Landerman, 109 F.3d 1053, 1066 (5th Cir. 1997) (quoting Liteky); United States v. MMR Corp., 954 F.2d 1040, 1045 (5th Cir. 1992) ("adverse rulings in a case are not an adequate basis for demanding recusal") (citations omitted).  Instead, as the Fifth Circuit has indicated, "the judge's rulings should constitute grounds for appeal, not for recusal."  Landerman, 109 F.3d at 1066 (citing Liteky, 510 U.S. at 555).

Accordingly, plaintiff's motion for recusal, (D.E. 42), is hereby DENIED.

ORDERED this 2nd day of June 2010.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE