IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SIE JOE LANN,      Petitioner, | § § § | |
| v. | § § | C.A. NO. C-09-cv-329 |
| CANDICE MOORE, et al.      Respondents. | § § § | |

## ORDER

This is a civil rights action filed by a *pro se* inmate, who is a three strikes litigant.[1] On June 4, 2010, final judgment was entered dismissing his action. (D.E. 48.) Pending before the Court are two documents subsequently filed by Plaintiff. The first is titled as an "Application for Writ of Mandamus to Process Plaintiff's Notice of Appeal." (D.E. 51.) The second is titled as "Objection to Pay the 455.00 Filing Fee for an Appeal." (D.E. 54.) Both filings are addressed herein. For the reasons set forth herein, to the extent they seek relief from this Court, both motions are DENIED.

## I. BACKGROUND

As noted, Plaintiff is a three strikes litigant and paid the $350 filing fee when he filed this action. Subsequent to a Spears[2] hearing, it was recommended by United States Magistrate Judge Brian Owsley that some defendants and some of Plaintiff's claims be dismissed. (D.E. 7.) After the Court adopted that recommendation (D.E. 16), Plaintiff filed a notice of appeal from the order of partial dismissal. (D.E. 19.) He paid the $455 filing fee for that appeal.

---

[1] A litigant who has accumulated in excess of three strikes under 28 U.S.C. § 1915(g) is barred from proceeding *in forma pauperis* in any civil action or appeal filed while he is in prison unless he shows that he is under imminent danger of serious physical injury.

[2] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

Plaintiff never sought permission from the Court for an interlocutory appeal. The Fifth Circuit dismissed his appeal, noting that it was without jurisdiction because this Court did not certify the order as appealable pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.[3] (D.E. 29.) After the Fifth Circuit had dismissed his appeal, Plaintiff filed a letter motion seeking certification of the appeal. (D.E. 30.) That letter motion was denied. (D.E. 33.)

A second memorandum and recommendation addressing defendant's motion for summary judgment and a motion to dismiss recommended that Plaintiff's case be dismissed in its entirety. (D.E. 31.) The Court adopted this recommendation, (D.E. 47), and final judgment was entered on June 4, 2010. (D.E. 48.)

Plaintiff then filed a second notice of appeal from the order of dismissal and the final judgment. (D.E. 50.) The Fifth Circuit has docketed his appeal (D.E. 52, 53), but Plaintiff has not yet paid the $455 filing fee.

## II. PENDING MOTIONS

As noted, Plaintiff's first pending motion is titled as an "Application for Writ of Mandamus." (D.E. 51.) In that document, he seeks a court order certifying his case for appeal. (D.E. 51 at 2.) He argues that "[t]his court has jurisdiction to issue a writ of Mandamus in this case pursuant to 28 U.S.C. § 1361." (D.E. 51 at 1.) He contends that officers of this Court failed to act properly when they failed to certify his first "case for appeal," despite his paying the $455 filing fee. (Id. at 2.) He seems to believe – erroneously – both that: (1) the Rule 54(b) certification referenced by the Fifth Circuit is a pure clerical act that the Clerk must perform

---

[3] Rule 54(b) states that a court "may" direct entry of a final judgment where an order adjudicates fewer than all the claims or parties if the Court "expressly determines that there is no just reason for delay." Otherwise, such an order "does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b).

upon payment of the appellate filing fee; and (2) if his first appeal had been properly "certified," then he would not be required to pay the appellate filing fee in his current appeal.  In his prayer for relief, Plaintiff requests that this Court "order the Federal officer, Agent or Employee to certified [sic] this case for appeal." Id. at 2.  Thus, he appears to be asking that some additional action be taken by the Clerk of this Court or by this Court to "certify" his appeal.

His second document is an "objection" to paying a second $455 filing fee. (D.E. 54.) His arguments therein are related to the arguments in his request for "mandamus."  That is, he contends that the Court, the Clerk of this Court, or its agents failed to certify his first case for appeal after he filed his first Notice of Appeal and paid the $455 filing fee. (Id. at 2.)  In his prayer for relief, he asks "that this court will reconsider their dissmisses [sic] and grant Plaintiff [sic] Writ of Mandamus." (Id.)

### III. ANALYSIS

As to Plaintiff's Application for Writ of Mandamus, it is clear that Plaintiff wants to ensure that his appeal is properly before the Fifth Circuit.  Plaintiff appears to confuse, however, the requirement of certification for an ***interlocutory*** appeal (such as his first appeal in this case, dismissed due to lack of any certification) and an appeal from a final judgment.  His most recent Notice of Appeal received by the Clerk on June 14, 2010, which is an appeal from a final judgment, is properly before the Fifth Circuit and has been assigned a case number.  While Plaintiff needs to meet his obligation of paying the appellate filing fee and comply with any instructions from the appellate court regarding briefing, no further "certification" is necessary under Fed. R. Civ. P. 54 or 28 U.S.C. § 1292(b).  Thus, his request for certification in conjunction with his current, pending appeal, is DENIED as unnecessary.

To the extent Plaintiff is asking that the Court certify his ***prior*** appeal, the motion is also

DENIED.  That appeal was already dismissed by the Fifth Circuit.  Particularly in light of the fact that he never asked for a Rule 54(b) certification at any point prior to the dismissal of his appeal, neither this Court nor any of its officers or agents acted improperly or failed to do any required act in connection with his first appeal.  For all of these reasons, his application for writ of mandamus (D.E. 51) is DENIED.

To the extent that Plaintiff's objection to paying the $455 appellate filing fee imposed for his current appeal requests relief from this Court, it is likewise DENIED.  As described above, a second appellate filing fee is properly being imposed.  Although he paid an appellate filing fee in conjunction with his first appeal in this case, that appeal was dismissed after the Fifth Circuit determined there was no jurisdiction.  He has now filed a separate notice of appeal from a different order, which requires a new filing fee.  Fed. R. App. P. 3(e).  This Court does not have authority to waive an appellate filing fee.  Indeed, pursuant to the Prison Litigation Reform Act, all plaintiffs must pay their filing fees and a three strikes litigant such as Plaintiff cannot pay it in installments.  28 U.S.C. § 1915.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Application for Writ of Mandamus (D.E. 51) is DENIED.  To the extent his filing titled as "Objections to Notice of Appeal" (D.E. 54) seeks relief from this Court, that motion is also DENIED.

It is so ORDERED this 15th day of July, 2010.

_____
Janis Graham Jack
United States District Judge